## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

MOLLIE BEAVER,

Case No.: 2:24-cv-10806-LJM-KGA

    *Plaintiff*,

v.

Hon. Laurie J. Michelson

SIEMENS MEDICAL SOLUTIONS
USA, INC.,

Mag. Judge: Kimberly G. Altman

    *Defendant.*

---

Stuart G. Torch
EMPLOYMENT LAW PARTNERS, LLC
4700 Rockside Road, Suite 530
Independence, OH 44131
216.382.2500 - office
216.381.0250 – fax
staurt@employmentlawpartners.com

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI  48104
844.487.9489
noah@hurwitzlaw.com

*Attorneys for Plaintiff*

Donald C. Bulea (P84895)
OGLETREE DEAKINS, PLLC
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248.593.6400 – office
donald.bulea@ogletree.com

*Attorneys for Defendant*

---

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Siemens Medical Solutions USA, Inc. ("Siemens Healthineers")

by and through its undersigned counsel, Ogletree Deakins, PLLC, answer Plaintiff's

First Amended Complaint ("Complaint") and Jury Demand, as follows:

## <u>PARTIES, VENUE, AND JURISDICTION</u>

1.      Siemens Healthineers is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.      Paragraph 2 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Siemens Healthineers admits the allegations in Paragraph 2 of the Complaint.

3.      Siemens Healthineers denies it is a "d/b/a," but further answering, Siemens Healthineers admits the remaining allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Siemens Healthineers admits the allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Siemens Healthineers admits the allegations in Paragraph 5 of the complaint.

6.      Siemens Healthineers denies the allegations in Paragraph 6 of the Complaint.

7.      Siemens Healthineers denies the allegations in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.     Siemens Healthineers admits the allegations in Paragraph 8 of the Complaint.

9.     Siemens Healthineers admits the allegations in Paragraph 9 of the Complaint.

10.    Siemens Healthineers admits the allegations in Paragraph 10 of the Complaint.

11.    Siemens Healthineers admits only that Plaintiff's employment ended on or around November 14, 2021, but further answering, Siemens Healthineers denies the remaining allegations in Paragraph 11 of the Complaint.

12.    Siemens Healthineers admits the allegations in Paragraph 12 of the Complaint.

13.    Siemens Healthineers admits only that part of Plaintiff's job duties included supervising sales manager and implementing and executing sales strategies, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 13 of the Complaint.

14.    Siemens Healthineers denies the allegations in Paragraph 14 of the Complaint.

15.    Siemens Healthineers denies the allegations in Paragraph 15 of the Complaint.

16.     Siemens Healthineers admits the allegations in Paragraph 16 of the Complaint.

17.     Siemens Healthineers admits only that Paragraph 17 of the Complaint includes a portion of Siemens' Vaccine Policy, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 17 of the Complaint.

18.     Siemens Healthineers admits the allegations in Paragraph 18 of the Complaint.

19.     Siemens Healthineers admits the allegations in Paragraph 19 of the Complaint.

20.     Siemens Healthineers admits only that Paragraph 20 quotes certain portions of Siemens Healthineers' accommodation guidelines out of context, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 20 of the Complaint.

21.     Siemens Healthineers is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies them.

22.     Siemens Healthineers is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23.    Siemens Healthineers denies the allegations in Paragraph 23 of the Complaint.

24.    Siemens Healthineers admits only that Plaintiff submitted a request for religious exemption/accommodation related to COVID-19 vaccine on or around September 16, 2021, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 24 of the Complaint.

25.    Siemens Healthineers admits only that Plaintiff indicated as part of her request for religious exemption/accommodation related to COVID-19 vaccine that she was a "remote employee" and that she "would social distance" and "wear a mask whilst in the building as required," but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 25 of the Complaint.

26.    Siemens Healthineers admits the allegations in Paragraph 26 of the Complaint.

27.    Siemens Healthineers denies the allegations in Paragraph 27 of the Complaint.

28.    Siemens Healthineers admits the allegations in Paragraph 28 of the Complaint.

29.    Siemens Healthineers admits the allegations in Paragraph 29 of the Complaint.

30.     Siemens Healthineers admits the allegations in Paragraph 30 of the Complaint.

31.     Siemens Healthineers admits only that Paragraph 31 of the Complaint quotes a portion of the communication that Siemens Healthineers provided to Plaintiff as part of the denial of her religious exemption/accommodation request related to COVID-19 vaccine, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 31 of the Complaint.

32.     Siemens Healthineers denies the allegations in Paragraph 32 of the Complaint.

33.     Siemens Healthineers denies the allegations in Paragraph 33 of the Complaint.

34.     Siemens Healthineers admits only that on or around October 19, 2021, Plaintiff sent an email to certain human resources and management employees inquiring if there was an appeals process to request further review of her religious exemption/accommodation request related to COVID-19 vaccine, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 34 of the Complaint.

35.     Siemens Healthineers is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies them.

6

36.    Siemens Healthineers admits only that on or around October 21, 2021, Siemens Healthineers sent an email providing certain employees until October 29, 2021 to start the compliance process with the vaccine mandate, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 36 of the Complaint.

37.    Siemens Healthineers admits the allegations in Paragraph 37 of the Complaint.

38.    Siemens Healthineers denies the allegations in paragraph 38 of the Complaint.

39.    Siemens Healthineers denies the allegations in paragraph 39 of the Complaint.

40.    Siemens Healthineers admits only that Plaintiff's employment ended on or around November 14, 2021, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 40 of the Complaint.

## COUNT I
## Religious Discrimination – Failure to Accommodate and Wrongful Discharge (Violation of Title VII)

41.    Siemens Healthineers restates and realleges Paragraphs 1 through 40 of its Answer as if restated herein.

42.    Siemens Healthineers denies the allegations in Paragraph 42 of the Complaint.

43.     Siemens Healthineers admits only that Plaintiff conveyed to Siemens Healthineers that her personal beliefs impacted her decision whether to comply with Siemens Healthineers' COVID-19 vaccine policy, but further answering, Siemens Healthineers denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Siemens Healthineers admits only that Plaintiff requested a religious exemption/accommodation related to COVID-19 vaccine, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 44 of the Complaint

45.     Siemens Healthineers denies the allegations in Paragraph 45 of the Complaint.

46.     Siemens Healthineers admits the allegations in Paragraph 46 of the Complaint.

47.     Siemens Healthineers denies the allegations in Paragraph 47 of the Complaint.

48.     Siemens Healthineers denies the allegations in Paragraph 48 of the Complaint.

49.     Siemens Healthineers admits only that Plaintiff's employment ended on or around November 14, 2021, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 49 of the Complaint.

50.     Siemens Healthineers denies the allegations in Paragraph 50 of the Complaint.

51.     Siemens Healthineers denies the allegations in Paragraph 51 of the Complaint.

52.     Siemens Healthineers denies the allegations in Paragraph 52 of the Complaint.

## COUNT II
## Retaliation
## (Violation of Title VII)

53.     Siemens Healthineers restates and realleges Paragraphs 1 through 52 of its Answer as if restated herein.

54.     Siemens Healthineers denies the allegations in Paragraph 54 of the Complaint.

55.     Siemens Healthineers admits the allegations in Paragraph 55 of the Complaint.

56.     Siemens Healthineers admits only that it denied Plaintiff's request for a religious exemption/accommodation related to COVID-19 vaccine and that Plaintiff's employment ended on or around November 14, 2021, but further answering, Siemens Healthineers denies all remaining allegations in Paragraph 56 of the Complaint.

57.     Siemens Healthineers denies the allegations in Paragraph 57 of the Complaint.

58.     Siemens Healthineers denies the allegations in Paragraph 58 of the Complaint.

59.     Siemens Healthineers denies the allegations in paragraph 59 of the Complaint.

60.     Siemens Healthineers denies the allegations in paragraph 60 of the Complaint.

61.     Siemens Healthineers denies that Plaintiff is entitled to any relief from Siemens Healthineers, including, but not limited to, the relief set forth in the "Relief Requested" portion of the Complaint, inclusive of subparagraphs A through I therein.

WHEREFORE, Siemens Healthineers respectfully requests that this Court enter an order dismissing Plaintiff's claims in their entirety, with prejudice, and awarding Siemens Healthineers its costs and attorneys' fees incurred in defending this matter, together with any other relief in Siemens Healthineers favor that the Court deems appropriate.

Respectfully submitted,
/s/ *Donald C. Bulea*
Donald C. Bulea (P84895)
OGLETREE DEAKINS, PLLC
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248.593.6400 – office
donald.bulea@ogletree.com
*Attorneys for Defendant*

Dated:  May 10, 2024

11

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

MOLLIE BEAVER,

              *Plaintiff*,

v.

SIEMENS MEDICAL SOLUTIONS
USA, INC.,

              *Defendant.*

Case No.: 2:24-cv-10806-LJM-KGA

Hon. Laurie J. Michelson

Mag. Judge: Kimberly G. Altman

---

Stuart G. Torch
EMPLOYMENT LAW PARTNERS, LLC
4700 Rockside Road, Suite 530
Independence, OH 44131
216.382.2500 - office
216.381.0250 – fax
stuart@employmentlawpartners.com

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI  48104
844.487.9489
noah@hurwitzlaw.com

*Attorneys for Plaintiff*

Donald C. Bulea (P84895)
OGLETREE DEAKINS, PLLC
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248.593.6400 – office
donald.bulea@ogletree.com

*Attorneys for Defendant*

---

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Siemens Medical Solutions USA, Inc. ("Siemens Healthineers"), through its undersigned counsel, Ogletree Deakins, PLLC, asserts the following

Affirmative and Other Defenses to Plaintiff's Claims in her First Amended Complaint ("Complaint"):

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2.      Plaintiff's Complaint is barred, in whole or in part, by the applicable statute(s) of limitations.

3.      Plaintiff's claim for damages is barred, in whole or in part, because she has suffered no damages, has failed to mitigate her damages, and/or has fully mitigated damages, and her entitlement to damages is expressly denied.

4.      Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of unclean hands, estoppel, laches, and/or waiver are applicable to the facts of this case.

6.      Plaintiff's damages, if any, were caused by her own conduct.

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff was an "at-will" employee for a private employer.

8.      Some or all of Plaintiff's damages may be barred by the doctrine of after-acquired evidence.

9.      Plaintiff's claims are barred because she did not identify or inform

13

Siemens Healthineers that her sincerely held religious beliefs conflicted with an employment requirement.

10.     Plaintiff's claims are barred because she did not request a reasonable accommodation for her sincerely held religious beliefs that would not impose an undue hardship on Siemens Healthineers.

11.     Plaintiff's claims are barred because no interactive process was required and/or the breakdown and/or end of the interactive process resulted from the actions and/or inaction of Plaintiff and not Siemens Healthineers.

12.     Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-pretextual, and non-retaliatory business reasons unrelated to her sincerely held religious beliefs.

13.     Siemens Healthineers acted at all times within the bounds of good faith, with honest belief, and for legitimate, non-discriminatory, and non-retaliatory reasons.

14.     Even if Plaintiff could establish a *prima facie* case, she cannot establish Siemens Healthineers' legitimate, non-discriminatory, and non-retaliatory reasons for its actions were pretext for an intent to discriminate against her because of her sincerely held religious beliefs or retaliate against her.

15.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

16.     Plaintiff's Complaint requests damages in an amount and/or type that are unavailable as a matter of law.

17.     The relief sought by Plaintiff is improper, inappropriate and/or otherwise not available or limited under the law(s) upon which her claims are based.

18.     Any claim for exemplary or punitive damages is barred because Siemens Healthineers engaged in good-faith efforts to comply with the law.

19.     Siemens Healthineers reserves the right to amend these affirmative and other defenses or to assert additional defenses in the course of this litigation.

Respectfully submitted,

/s/ *Donald C. Bulea*
Donald C. Bulea (P84895)
OGLETREE DEAKINS, PLLC
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248.593.6400 – office
donald.bulea@ogletree.com

*Attorneys for Defendant*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

<div style="margin-left: 40%;">

/s/ Donald C. Bulea
Donald C. Bulea (P84895)
OGLETREE DEAKINS, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248.593.6400 – office
donald.bulea@ogletree.com

</div>

Dated: May 10, 2024