UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOLLIE BEAVER,

    Plaintiff,

v.

SIEMENS MEDICAL SOLUTIONS
USA, INC., d/b/a/ SIEMENS
HEALTHINEERS,

    Defendant.

Case No. 24-10806
Honorable Laurie J. Michelson

---

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [19]**

---

In 2020, the COVID-19 pandemic dramatically affected workplaces across the United States. As a result of the contagious and deadly nature of the disease, many of these workplaces instituted mandatory vaccination policies for their employees. That included Siemens Healthineers. But not every employee wanted to get vaccinated. One such employee was Mollie Beaver, who had religious objections. In the fall of 2021, Siemens fired Beaver for failing to comply with its vaccination policy. Beaver then filed this lawsuit. She argues that Siemens discriminated against her because of her religious beliefs in violation of Title VII. Siemens responds that Beaver's claim should be dismissed because she did not file a charge with the EEOC prior to filing this action. Because this Court agrees with Siemens that the single-filing rule exception to exhaustion of administrative remedies does not apply here, the Court GRANTS Siemens' motion for judgment on the pleadings.

### I.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings is analyzed using the same standard as a motion to dismiss. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). As such, "this Court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### A.

In 2000, Mollie Beaver began working for Siemens Healthineers, a company that designs and manufactures medical devices. (ECF No. 17, PageID.104.) At the time of her termination, Beaver was working as Siemens' National Sales Director, where she "overs[aw] a team of Federal Sales Managers and implement[ed] and execut[ed] sales strategies." (*Id.*) In early 2020, the COVID-19 pandemic took hold in the United States. On August 31, 2021, Siemens enacted its Vaccine Policy, requiring U.S.-based employees who were customer-facing or came on-site to be fully vaccinated against COVID-19. (*Id.* at PageID.105.) The Policy also permitted employees to request accommodations or exemptions from the Policy for medical or religious reasons. (*Id.*)

On September 16, 2021, Beaver submitted a request seeking an exemption based on her sincerely held religious beliefs. (ECF No. 17.) Specifically, Beaver believes that "abortion is immoral" and that the COVID-19 vaccines "approved at the time for use in the United States had been generated by, or test[ed] on, cell lines derived from an aborted fetus." (*Id.* at PageID.106.) On October 15, 2021, Siemens notified Beaver that her request was denied, informing her that if she did not get vaccinated, she would be terminated. (*Id.* at PageID.107.) But Beaver did not get vaccinated. So, on November 12, 2021, Siemens terminated her employment. (*Id.* at PageID.109.)

**B.**

On June 28, 2022, Beaver filed this lawsuit in the United States District Court for the Eastern District of Kentucky. *See Beaver v. Siemens Med. Sols. USA, Inc.*, No. 22-00172 (E.D. Ky. June 28, 2022), ECF No. 1. Both parties agreed that court lacked personal jurisdiction over Siemens and that the Eastern District of Kentucky was an improper venue. (ECF No. 3.) Thus, on March 28, 2024, the case was transferred to this Court. (ECF Nos. 1, 3.) In May, Siemens filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 15.) But shortly after, the parties conferred, and Siemens consented to Beaver amending her complaint. (ECF No. 17.) In her amended complaint, Beaver asserts a claim under Title VII against Siemens for religious discrimination. (*See id.* at PageID.109.) She argues that Siemens unlawfully discriminated against her when it denied her accommodation request and subsequently fired her. (*Id.*) On June 13, 2024, Siemens

3

filed its answer to Beaver's amended complaint (ECF No. 18) and, again, filed a motion for judgment on the pleadings (ECF No. 19). This is the motion presently before the Court.

Now, Siemens argues that Beaver's Title VII claim is time barred because she never filed a discrimination charge with the EEOC, and thus never received a right-to-sue letter. (*Id.* at PageID.140 (citing *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir. 1999)).) Beaver concedes this point, admitting that she did not file a timely charge with the EEOC. (*See* ECF No. 21, PageID.165, 173.) But she argues that she should nevertheless be permitted to "piggyback" off similar charges filed by other former Siemens employees pursuant to the Sixth Circuit's judicially created "single-filing rule." (*Id.* at PageID.173–180.) Siemens responds that Beaver cannot take advantage of the single-filing rule because there is no named plaintiff present in this case who filed a timely administrative charge—Beaver is the sole plaintiff, and she did not file a timely charge with the EEOC. (*Id.* at PageID.142.) After addressing a threshold procedural issue, the Court will turn to these "piggybacking" arguments.

## II.

First, Beaver argues that this Court should deny Siemens' motion based on the "law of the case" doctrine. "Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *See Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001). The "law-of-the-case doctrine only applies to issues the court actually decided." *John B. v.*

4

*Emkes*, 710 F.3d 394, 403 (6th Cir. 2013); *see also Moody v. Mich. Gaming Control Bd.*, 871 F.3d 420, 425 (6th Cir. 2017) ("The doctrine applies only to issues that were actually decided, whether explicitly or by necessary implication. It does not extend to issues that should have been raised, or to issues not fully briefed or squarely decided." (citations omitted)).

Beaver says that, prior to the transfer of this case, Siemens had moved to dismiss Beaver's claims for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Beaver v. Siemens Med. Sols. USA, Inc.*, No. 22-00172 (E.D. Ky. June 29, 2023), ECF No. 18; *see also Beaver*, No. 22-00172 (E.D. Ky. Mar. 28, 2024) (order on motion to dismiss available on that docket at ECF No. 25 and on this docket at ECF No. 3). She argues that, in denying Siemens' motion, the Eastern District of Kentucky found that "'proceeding into discovery may be necessary' because 'Ms. Beaver avers that she will need the opportunity to conduct discovery.'" (ECF No. 21, PageID.169 (quoting ECF No. 3, PageID.24–25).) Thus, says Beaver, because the Eastern District of Kentucky "previously decided" that she needed to conduct discovery and "there are no changes in any relevant circumstances that would necessitate the Court to revisit this prior ruling" this Court should not "entertain" Siemens' motion. (*Id.* at PageID.170.)

Beaver mischaracterizes the prior court's opinion. In its order, the Eastern District of Kentucky did two things: (1) granted Beaver's motion to transfer and (2) denied Siemens' motion to dismiss. (*See* ECF No. 3.) In doing so, the court noted that "[b]oth Parties agree that this Court lacks personal jurisdiction over Siemens" and

5

thus "[t]he disagreement is about what to do with this matter." (*Id.* at PageID.22.) Ultimately, the court decided that, "[g]iven the fact that the Court lacks personal jurisdiction over Siemens, . . . transferring this matter to the Eastern District of Michigan is the most appropriate resolution." (*Id.* at PageID.23.) Following transfer, "[i]t would be within [the Eastern District of Michigan's] discretion to consider Siemens's Rule 12(b)(6) arguments" regarding whether "Ms. Beaver failed to exhaust her administrative remedies." (*Id.* at PageID.23–24.)

At no point in its analysis did the previous court rule on, let alone "actually decide," whether Beaver's complaint states a claim. *Emkes*, 710 F.3d at 403. Because the law of the case doctrine does not decide this case, this Court will address the merits.

### III.

Under Title VII of the Civil Rights Act of 1964, an employer may not "discharge any individual, or otherwise . . . discriminate against any individual" because of their religious beliefs. 42 U.S.C. § 2000e-2(a)(1). As a prerequisite to suing under Title VII, a claimant must exhaust her administrative remedies. *See Peeples v. City of Detroit*, 891 F.3d 622, 631 (6th Cir. 2018). To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e). Once the EEOC issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *See id.* § 2000e-5(f)(1); *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006) ("It is well settled that a

6

plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of right to sue ('right-to-sue letter')."). "Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII" lawsuit. *See Williams v. Nw. Airlines*, 53 F. App'x 350, 351 (6th Cir. 2002) (citing *Irwin v. Dep't of Veterans Affs.,* 498 U.S. 89, 96 (1990)); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392–98 (1982).

Here, it is undisputed that Beaver never filed an EEOC charge and never received a right-to-sue letter. Thus, there was never an attempted reconciliation of her claim prior to litigation, which is a primary purpose of Title VII's administrative scheme. *See Morgan v. Washington Mfg. Co.*, 660 F.2d 710, 711 (6th Cir. 1981). Yet Beaver argues that the Court should allow her claim to proceed because it falls within a judicially created exception to Title VII's general exhaustion requirement—that is, the "single-filing rule." The single-filing rule allows the administrative charge of one plaintiff to satisfy the charge filing obligations of other plaintiffs where "a substantially related non-filed claim arises out of the same time frame as a timely filed claim." *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994). The Sixth Circuit has recognized that the single-filing rule "permit[s] a plaintiff to join [an] individual [Title VII] action[] if the named plaintiff filed a timely administrative charge." *Howlett v. Holiday Inns*, 49 F.3d 189, 195 (6th Cir. 1995) (citing *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057 (2d. Cir. 1990)). Thus, a plaintiff who did not timely file with the EEOC can "piggyback" off another named plaintiff who did.

But there are a few problems with the application of the single-filing rule to Beaver's Title VII claim. First, Beaver is the only plaintiff in this action. She has no co-plaintiff who filed an EEOC charge asserting a similar discrimination claim. She is not moving to intervene in another plaintiff's Title VII action before this Court. And she is not seeking to join an existing class action against Siemens. Instead, she asks this Court to expand the single-filling rule to allow her to "piggyback" off the charges of other plaintiffs who have filed lawsuits against Siemens in other jurisdictions. (*See* ECF No. 21, PageID.175–179.) The Court declines the invitation.

To start, neither the Sixth Circuit nor any district court within it has applied the single-filing rule to a case like this—i.e., a case with a lone plaintiff. Beaver recognizes as much. (*Id.* at PageID.180 ("[I]t is true that the handful of cases in which the Sixth Circuit has authorized the use of the single filing rule have been multi-plaintiff actions.").) And that makes sense. Indeed, the Sixth Circuit's formulation of the single-filing rule expressly cabins its application to multi-plaintiff cases. For example, in *Wilson Metal Casket Co.*, the Sixth Circuit found that "in a *multiple-plaintiff*, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then *co-plaintiffs* with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement." 24 F.3d at 840 (emphasis added) (citing *Ezell Mobile Hous. Bd.*, 709 F.2d 1376, 1381 (11th Cir. 1983)). And again, in *Howlett*, the Sixth Circuit reasoned that the single-filing rule can "permit a plaintiff to *join* individual

8

[Title VII] actions if the *named plaintiff* filed a timely administrative charge." 49 F.3d at 194 (emphasis added).

The Sixth Circuit has declined to extend the single-filing rule in other contexts. For example, in *Hopson v. Daimler Chrysler Corp.*, the court dismissed a plaintiff's Title VII claims when he only filed one charge with the EEOC and "could not provide the court with any reason to conclude" that his other Title VII claims "could be reasonably expected to grow out of the EEOC charge." 157 F. App'x 813, 817 (6th Cir. 2005); s*ee also A'Ve v. SEIU*, 24 F. App'x 326, 330 (6th Cir. 2001) (rejecting the application of the single-filing rule where the named plaintiff did not file suit within 90 days of receiving his right-to-sue letter).

Following the Sixth Circuit's lead, district courts within this Circuit have also declined to extend the single-filing rule. For instance, in *Davis v. Wilson County*, the Middle District of Tennessee found that "a potential member of a putative class of plaintiffs" could not benefit from the class's "timely exhaustion of remedies" to file "an entirely new lawsuit." No. 13-0238, 2014 WL 878712, at *4 (M.D. Tenn. Mar. 5, 2014), *report and recommendation adopted*, No. 13-0238, 2014 WL 1280862 (M.D. Tenn. Mar. 27, 2014); *see also Morton v. ICI Acrylics*, 69 F. Supp. 2d 1038, 1044 (W.D. Tenn. 1999) ("The particular question in this case is whether the single filing rule will allow piggybacking by plaintiffs whose time limit for filing had already run at the time of the filing they wish to join. The answer is no.").

To the extent the Sixth Circuit's formulation of the single-filing rule has not expressly foreclosed Beaver's lawsuit, allowing her to capitalize on the single-filing

9

rule in this instance would frustrate the goals of Title VII's administrative prerequisites. For background, when the Sixth Circuit adopted the single-filing rule, it reasoned that the "purpose of the Title VII filing requirement is to give notice of potential Title VII liability to an alleged wrongdoer and to allow the EEOC to attempt to conciliate with the wrongdoer rather than go to court." *Wilson Metal Casket Co.*, 24 F.3d at 839. And so, "it would be wasteful for numerous employees with the same grievance to file identical complaints with the EEOC." *Id.* Indeed, nothing is gained by duplicative administrative filings because "[i]f it was impossible for the EEOC to effectuate a settlement of the original plaintiffs' claims, there is no reason to believe that the EEOC would be successful in settling [later intervenors'] claims." *Foster v. Gueory*, 655 F.2d 1319, 1323 (D.C. Cir. 1981). Thus, as long as a named plaintiff's EEOC charge "contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed," another plaintiff can piggyback off of that charge. *Howlett*, 49 F.3d at 195.

But expanding the single-filing rule here would allow a plaintiff who has not filed a charge with the EEOC—as expressly required by statue—to commence her own independent civil action simply by pointing to a charge filed by some other plaintiff, in some other lawsuit, in some other jurisdiction. That exception threatens to swallow the rule.

To be sure, the single-filing rule is a judge-made rule, and so it remains "amenable to judge-made exceptions." *See Ross v. Blake*, 578 U.S. 632, 639 (2016).

But "a statutory exhaustion provision stands on different footing. There Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Id.* (citing *McNeil* v. *United States*, 508 U.S. 106, 111 (1993) (reasoning that courts "are not free to rewrite the statutory text," *id.* at 111, when Congress has strictly "bar[red] claimants from bringing suit in federal court until they have exhausted their administrative remedies," *id.* at 113)). It is not within this Court's purview to re-write the statute. *See Johnson v. Bauman*, 27 F.4th 384, 393 (6th Cir. 2022) ("Judicial discretion must give way to legislative command. With Congress having articulated statutory exhaustion requirements . . . we are not free to devise new exceptions whenever we feel the circumstances so warrant.").

In rejecting Beaver's argument today, this Court is not alone. *See Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 599 (5th Cir. 2006) ("A non-charging party cannot bring her own independent lawsuit based upon another party's charge. To allow otherwise would threaten to consume the statutory rule, which clearly requires all Title VII plaintiffs to file a charge before filing a lawsuit." (cleaned up)); *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 294 (4th Cir. 2004) (rejecting application of the single-filing rule where plaintiff "simply has not *joined* in a lawsuit brought by those plaintiffs who filed the earlier EEOC charge from which [plaintiff] would like to benefit" (emphasis in original)).

Beaver, however, argues that this Court should follow the Eleventh Circuit, which, Beaver says, has "expressly approved of a plaintiff relying on the 'piggybacking' rule to file her own separate lawsuit." (*See* ECF No. 21, PageID.180

11

(citing *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 449–450 (11th Cir. 1993)).) Not quite.

In *Calloway,* a Black woman, Steward, was fired from the defendant company and filed an EEOC charge alleging race discrimination. 986 F.2d at 447. A year later, the only other Black woman who worked for the company, Calloway, resigned after unsuccessfully attempting to negotiate a higher salary. *Id*. But Calloway did not file a charge with the EEOC. Instead, she attempted to intervene in Steward's lawsuit. *Id*. The district court denied Calloway's motion to intervene, "citing the dissimilar nature of Calloway's claims and the advanced stage of Steward's suit." *Id*. "After a two-day bench trial before the same judge who denied Calloway's motion to intervene," the district court realized it had made an error—"Calloway's claim was 'very similar' to Steward's charge." *Id*. at 448. So the district court reversed course and permitted Steward's charge to support Calloway's claim. On appeal, the defendant company argued that the district court erred in permitting Calloway to rely on Steward's charge. *Id*. In rejecting that argument, the Eleventh Circuit held that a plaintiff "who unsuccessfully move[d] to intervene in the lawsuit of a plaintiff who has filed an EEOC charge may invoke the single filing rule." *Id*. at 450. The court further reasoned that this rule "comports with the purpose of the EEOC charge requirement" because the defendant company will be put on notice when a plaintiff moves to intervene, and thus will have the opportunity to settle the grievance. *Id*. Put differently, "there is no reason to distinguish between a plaintiff who successfully intervenes and one who does not." *Id.*

12

By contrast, here Beaver did not attempt to intervene in a preexisting suit at all. So the logic of the *Calloway* court does not aid her cause.

## IV.

As Siemens correctly points out, Beaver is the only "Plaintiff in this case, and she did not file an EEOC charge, so there is no timely filed charge on which [Beaver] can piggyback her Title VII claims." (ECF No. 19, PageID.143.) What is more, she did not seek to intervene in any other case, so the Eleventh Circuit's rationale in *Calloway* regarding unsuccessful intervention attempts is inapplicable here.

Accordingly, the Court GRANTS Siemens' motion for judgment on the pleadings (ECF No. 19) such that this case is DISMISSED.

SO ORDERED.

Dated: February 3, 2025

s/Laurie J. Michelson

LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE